UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | 5:24-cr-50019 |
| Plaintiff, | * | |
| | * | Rapid City, South Dakota |
| -vs- | * | |
| | * | March 17, 2025 |
| JOHNATHAN MORRISON, | * | 1:30 p.m |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REDACTED PUBLIC TRANSCRIPT OF
SENTENCING HEARING

(PURSUANT TO CRIMINAL LOCAL RULE 57.10, PORTIONS OF ALL CHANGE OF PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)

BEFORE THE HONORABLE CAMELA C. THEELER,
UNITED STATES DISTRICT JUDGE

* * * * * * * * * *

APPEARANCES:

Counsel for Plaintiff: MS. HEATHER KNOX
U.S. Attorney's Office
515 Ninth Street, Room 201
Rapid City, SD 57701

Counsel for Defendant: MS. ALECIA E. FULLER
Federal Public Defender's Office
655 Omaha Street, Suite 100
Rapid City, SD 57701

Also Present: Johnathan Morrison - Defendant

Court Reporter: Deanna K. Clayborne, RPR
Official Court Reporter
515 Ninth Street, #302
Rapid City, South Dakota 57701

THE COURT: We are on the record in the United States of America versus Johnathan Morrison. This is File 24-cr-50019-1.

Counsel, please note your appearance.

MS. KNOX: Good afternoon. Heather Knox for Megan Poppen on behalf of the United States. With me is FBI Special Agent Brent Bixenman.

THE COURT: What was the last name? I'm sorry.

MS. KNOX: Bixenman, B-I-X-E-N-M-A-N.

THE COURT: Thank you.

MS. FULLER: And Alecia Fuller with Mr. Morrison.

THE COURT: Thank you.

And Mr. Morrison is appearing in custody today.

This was the time and place set for sentencing. I took Mr. Morrison's plea to the Superseding Information charging two violations of 18 United States Code 2252A(a)(2)(A), both counts for receipt of child pornography. And it looks like I took the plea back on January 8th of 2025.

Ms. Fuller, did you have the chance to review the presentence report with your client?

MS. FULLER: I did.

THE COURT: All right. And it looked like there have not been any objections filed by either party. There was no written motion for downward variance or sentencing memorandum.

Does the United States wish to introduce any additional evidence at this hearing?

MS. KNOX: No, Your Honor.

THE COURT: And, Ms. Fuller, does the defendant wish to

introduce any additional evidence?

MS. FULLER: No additional evidence. But there was a motion -- excuse me. Document 54 was defendant's sentencing memorandum and motion for variance. I also believe the government filed a sentencing memorandum.

THE COURT: Hold on one minute.

Okay. I did just take a minute, and I've reviewed -- and I had reviewed them, counsel. I'm sorry. I just reviewed so many things in preparation for today. But I reviewed again Document 53, which was the government's sentencing memorandum, and Document 54, which is defendant's sentencing memorandum and request for downward variance.

All right. And so I just want to make clear there were no objections filed, it's just the request for downward variance?

MS. FULLER: That's correct.

THE COURT: Okay. All right.

And so the Guideline range within the presentence report was 210 months to 240 months. You're not objecting to that? You're asking that I vary downward based on the arguments that you made?

MS. FULLER: Correct. And I'll expand on the arguments when the time's appropriate. But, yes, I believe that U.S. Probation accurately calculated the Guidelines.

THE COURT: All right. So because there were no objections filed to the presentence report, that leads me to a determination that the Guideline range of 210 months to 240 months is the accurate one to apply in this case. Mr. Morrison would not be eligible for probation. The fine range is 40,000 to

250,000. And there is restitution that's mandatory. There's the $95 payment and a special assessment of $200. There's also the potential for restitution under the JVTA and the AVAA, but my understanding is that Mr. Morrison is indigent and does not have means to pay that.

Counsel, do you both agree?

MS. KNOX: Yes, Your Honor.

MS. FULLER: Yes, Your Honor.

THE COURT: Okay. All right. Are there any other issues -- or any other objections on which I haven't addressed?

MS. KNOX: No, Your Honor.

MS. FULLER: No, Your Honor.

THE COURT: Mr. Morrison, did you have the chance to go over the presentence report with your attorney?

THE DEFENDANT: Yes.

THE COURT: All right. I will adopt that report as the Court's findings given that there were no objections and that Mr. Morrison has reviewed the report with his attorney.

So in preparation for the hearing today, I reviewed the presentence report, the addendum to the presentence report, the recommended special conditions, and the sentencing memorandum from both of the parties, and Document 50, which consists of three pages of letters, character reference letters for Mr. Morrison. The first is from Virginia Starr. The second is from Elizabeth Blacksmith-Morrison, and that's Mr. Morrison's aunt. Ms. Starr is his significant other. They're married. And then the third is from Rebecca Lone Elk-Two Bulls, and she indicates he's an uncle to her daughters. I also

reviewed Document 51, which is an allocution statement from Mr. Morrison.

Are there any other materials that I didn't mention that I should have reviewed?

MS. KNOX: No, Your Honor.

MS. FULLER: No, Your Honor.

THE COURT: All right. Ms. Fuller, do you wish to speak on behalf of your client first?

MS. FULLER: I do, Your Honor. Thank you.

I am asking the Court to consider five years on each count run consecutive to each other. That's consistent with the plea agreement. It's also consistent with the sentencing factors that this Court has to consider. I do believe it's sufficient but not greater than necessary. When we add those two together, we're looking at a 10-year custody sentence, which is rather significant for receipt of child pornography charges.

I'll address first kind of my -- it's more of a technical motion for variance, and that's the kind of policy disagreement with the Guidelines in their current form. That plus two that gets placed on every single child pornography case, whether it's receipt or possession, is no longer helpful when determining how we sentence people. So I am asking the Court to vary downward at first on those -- for those two points.

I think my sentencing memorandum puts forth then that the total offense level would be a 35, which would then be a Guideline range of 168 to 210, recognizing it's -- I'm not actually changing the Guidelines. I'm changing the perspective on what would be a helpful guideline. My further basis for the downward variances are based on those 3553(a) factors and specifically

Mr. Morrison and -- as he sits here today.

I would highlight -- I guess I'll first address the government's sentencing memorandum. I know the Court reviewed it. The government spends a great deal of time focusing on the allegation that was dismissed, the [redacted] account. And I would just note that I understand and I didn't object to the presentence report as to what she said happened, but it's very important to know that those Snapchat messages don't exist in the discovery, nor are they deleted based on the information the government provided to me. On all of the Snapchat accounts I get, you can see in this very un-user-friendly Excel spreadsheet whether things are saved or not. And if it says saved, it says true. All of them say true. There's none that say false, meaning something wasn't saved.

So on all of the evidence I have, the specific bad allegation of conversations between my client and [redacted], they don't exist. So I would ask the Court to not put much weight in that portion of the government's motion, as it's, I don't believe, supported by the facts in the information that I received from the government. I had many conversations with Ms. Poppen as to where is the message, where is the message, and they don't exist. And so -- so that -- I would address that portion of her sentencing memorandum.

As far as the factors that the Court needs to consider for my client, I would highlight, you know, he -- in the presentence report, it does highlight he had a difficult childhood. Not the worst childhood we've certainly ever seen here, but certainly one that set him up with some struggles and I think also set him up with some substance abuse issues. He also had some recent losses of his parents, which I think it's pretty evident he hasn't fully been able

to process and work through that, and that's something that rehabilitation and treatment addresses as opposed to incarceration.

We're also here with someone without criminal history. I recognize that that's not unusual for people with receipt of child pornography charges, but it is also still significant for Mr. Morrison. His criminal history is tribal, and it really just demonstrates that he has some addiction issues.

I would highlight his age. And the reason I highlight his age is 10 years for someone of his age is a significant period of time. He's 34 years old. If he received a 10-year sentence, he'd be not quite 44 when he'd get out based on good time, but it's still a time in his life where he'd be able to really benefit from the rehabilitation programs that the United States Probation can provide him. He'll also have an opportunity to work and put forth what his goals are that he put in his letter. And any longer sentence, then we're kind of taking that aspect away, and I think that hinders rehabilitation. And hindering rehabilitation hinders community safety.

I would note his community ties. The letters highlight the good works he does in his community, and he tries to do, and the fact he, you know, worked for the tribe in security when they had the time of need during COVID and their lockdown. And I think the largest basis for my request of a 10-year sentence is his really desperate need for chemical dependency treatment, sex offender treatment, and mental health treatment. I think there are -- those are three factors that don't really get addressed in custody, recognizing people can do RDAP and participate in those programs, but the real work of rehabilitation is done while on supervised release.

We are asking the Court to consider ordering the sex offender

treatment in the BOP facility so he can be in an appropriate facility to receive that treatment. And it's just -- I'm just asking the Court to consider 10 years is sufficient but not greater than necessary. Thank you.

THE COURT: Thank you.

MS. FULLER: If I may, Your Honor, I do also want to just note that his wife Virginia is present, but she does not want to speak today.

THE COURT: Okay. Thank you. And I do -- I do have that letter from his wife Virginia as well.

Mr. Morrison, was there anything that you wished to say?

THE DEFENDANT: That I do see the wrong in my actions and that I'm very sorry for -- for all this, and I'm going to do what I can to make myself better. And that's about it.

THE COURT: Thank you.

Ms. Knox.

MS. KNOX: Thank you, Your Honor.

We are asking the Court to impose a 20-year sentence, that being 10 years on Count I, consecutive to 10 years on Count II. It is squarely within the Guideline range and, therefore, appropriate under the Guidelines. It is also appropriate under the sentencing factors.

I want to first address the application of the two-level enhancement for use of a computer. It is soundly applied in this case, Your Honor. I ask the Court to consider the distinction between offenders like Mr. Morrison and, for example, an offender who obtains access to children in person, that being perhaps a coach, a teacher, a pastor, someone who has hands on, ready access to kids, but only for a limited time during the day, say, only during

practice, only during church services, things like that.

Use of a computer in these types of cases, Your Honor, gives the defendants access to kids 24 hours a day, 365 days a year. The Sentencing Commission considered the base offense level for these types of offenses back when they were implemented many years ago, and Congress has always declined to get rid of the two-level enhancement for use of a computer or interactive computer service for these very reasons. Use of a computer is what makes these offenses so insidious, hard to detect, secretive; and just about every kid in the country has a cell phone in their pocket, and that's what makes people like Mr. Morrison so dangerous. The two-level enhancement is appropriately applied, and I ask the Court not to vary downward.

I understand that the previous District Judge also had the same policy disagreement with the Sentencing Commission over these two levels. He would apply the two-level enhancement and then vary downward, but I often told him, and I would tell him if he were on the bench, that I disagree with that policy disagreement and so does Congress.

The Eighth Circuit has routinely applied it in the situations where -- for example, *United States v. Gibson*, 840 F.3d 512. It's a 2016 case out of the Eighth Circuit. The defendant posted internet advertisements.

Another case, *United States v. Mitteness*, M-I-T-T-E-N-E-S-S, 893 F.3d 1091, a 2018 Eighth Circuit case, where the Court squarely said without Facebook and use of a computer, these crimes don't happen.

The same situation is present here, where Mr. Morrison not only used his cell phone, but multiple interactive computer services, Kick,

Snapchat, Telegram, or Media Lab, however you want to call that. But that two-level enhancement is appropriate here, and I ask the Court to apply it and consider that when it fashions its sentence.

Here, Your Honor, the sentence requested by the defense here would represent the mandatory minimum sentence, five years for receiving child pornography, consecutive, to five years. And I would submit to the Court that the facts -- unobjected-to facts in the PSR do not represent an offender who is deserving of a mandatory minimum sentence.

In my view -- and I guess I can say the government's view, mandatory minimum sentences for receiving child porn should be reserved for people who don't engage hands on or are not communicating with real kids. Yes, they are downloading child pornography, but they don't have any interactions with the children. They don't have interactions with children that shape the children's lives, as Mr. Morrison did here with [redacted] and allegedly [redacted]. That's the situation here. It's not that he is simply consuming material, he was also engaging with real kids. And his receipt of child pornography, his voracious appetite for it, the multiple ways he was consuming it, obtaining it, is problematic and not worthy of a mandatory minimum sentence.

I would also add that his own chats about sexually abusing children, his own sexual abuse of children. Now, whether that's just fantasy chatting or he's telling the truth in those chats, there's no meaningful distinction between the two. So he's either fantasizing about sexually abusing his own children or he is simply engaging in sexual fantasies online about sexually abusing his own children. That's dangerous any way you slice it, and especially so when you compound that with the fact that he is literally

consuming images of child sexual abuse for his own sexual pleasure. It's very disturbing. He is a danger to the community. He remains a danger to any child with a cell phone or social media application. And I would submit he is a danger to his own children, all of whom need to be kept safe from him.

I would also note the age discrepancy between him and his victim C.J.E. is notable here. He's 34, three times her age of 11. We are often seeing in 2025 offenders who are 18, 19, 20 years old offending online with children who are anywhere from late elementary school to 15, 16, 17. That's different than the current situation. He's an adult. His brain is fully formed. He is not -- you know, he's reached the mid-twenties age, which is what we typically cite to as the age at which a brain is fully developed. And he is well beyond that. Well beyond that.

For all of those reasons under the Guidelines and the 3553(a) factors, I ask the Court to impose 20 years. And there's no victim impact in the file. However [redacted]s grandmother sent a message. She's a teacher. She was either unaware or confused about the victim impact situation here, so she asked me to relay to the Court how [redacted] has been impacted by Mr. Morrison's behavior.

So she would like the Court to know that [redacted] is suffering, very emotionally injured. She is in therapy for the devastation he has caused. Her whole life has changed because of this crime and his choices. For example, she had to move. She has been separated as a result of the move from her best friend. And at age 11 what greater support system is there than somebody's best friend? Clover's grandmother -- [redacted]' s grandmother, excuse me, described her as having trust and attachment issues that she's

trying to work through, that this has not been easy, and she has a lot of work to do. The grandmother also said she wishes [redacted] could just, quote, be a carefree child who could focus on her education and feel safe having fun with her friends, end quote. Again, grandmother couldn't be here because she's a teacher and wasn't able to make those arrangements.

But all that to say these types of behaviors really do impact real kids. And Mr. Morrison's behavior certainly impacted [redacted]. For all those reasons, we ask the Court to impose a sentence of 240 months. Thank you.

THE COURT: All right. So I'm going to start by explaining my reasoning before I impose the sentence. I have Johnathan Morrison before me. He's 34. He has obtained a high school diploma. I understand he has two children, ages 12 and 6. He is married. I am considering that what he has pled to here were two counts of possession -- possession of child pornography.

And what I'm focused on in considering the Guideline range here is that neither side has objected to this Guideline range of 210 months to 240 months. I do recognize the request for variance that the defense has made. In deciding sentencing, I'm applying the factors of 18 United States Code 3553(a), which is the starting point, and it's the application of the United States Sentencing Guidelines Manual to Mr. Morrison's case. The guideline range is just a starting point for me, so I can go above or below it. The parties here have agreed that Mr. Morrison couldn't ask for less than 10 years, and the government has asked for 20; and so I am -- I'm working within those boundaries and considering the 3553(a) factors.

I note that in this particular case, Mr. Morrison has expressed

remorse. He did provide an allocution statement and expressed some remorse here in court. I think from a review of the presentence report, it's clear he has some substance abuse issues. I also noted some difficulties he had during his childhood. I note that he's married now. There's been some -- there was some information that was included in the presentence report about his wife's daughter. It was uncharged conduct, but it was information that I think is relevant to the sentencing here, because at the time of this conduct, I think she was 16 years old, and there was some indication that he had communicated with his wife's daughter in ways that were certainly very inappropriate.

I'm also considering the need for a sentence here to reflect the seriousness of the offense. And the presentence report shows that Mr. Morrison sent and received pornographic images and videos from other internet users. Some of the images were sadistic. It indicated he had over -- it was close to 700 images. There were also those concerns about the communications he had with his wife's daughter and him requesting that she take pictures and send them to him.

I am also considering deterrence, not just for Mr. Morrison personally but also for the community as a whole. I recognize that this is his first federal conviction, and I also recognize that on many of the child pornography cases, the defendants don't have a lot of criminal history. The criminal history that Mr. Morrison does have, really, is his -- it's his tribal record, and it appears that it is mostly substance abuse related, although there was some disorderly conduct and some assaultive behavior as well.

I also note when I think about rehabilitation here that Mr. Morrison

doesn't just have substance abuse issues. I think he's also struggling with some mental health issues. I know he's had prior suicide attempts. I think he's on medications to address his mental health.

The other things that I note that give me pause and concern in this case when I think about the safety of the community are the -- some of the information in the PSR that was about -- that dealt with Mr. Morrison distributing child pornography. He was distributing it to others and communicating with others about it. He was receiving it from others. Some of the communications in the presentence report indicate that he was sexually gratified by it, that the soliciting of pictures and providing them to other people and video to other people certainly was affecting him. And I also recognize the arguments that the defense made about this uncharged conduct with victim [redacted] and the urging that I've received to not give that a lot of weight because those communications and pictures weren't found in discovery. And, while that's true, the communication with [redacted] is how this case came to light in the first place.

It was I think -- I think it was [redacted]s mother that had reported that there was this communication. And so whatever was or wasn't in discovery, I'm noting that really his charges here started with a communication from [redacted]s mother about what had transpired. So that gives me concern. The communications with his wife's daughter and soliciting images from her give me concern because he wasn't just dealing with children that he didn't know or young people that he didn't know, here were two cases where he was communicating with people that he did know.

There was also information in the presentence report about pictures

of other people that were clothed but from -- they were within the community. And that gives me concern. That gives me concern that he has a predatory nature and that he was pursuing that. There was also information in the presentence report that he had jobs where he was around kids, where he was a bus monitor, and he was a janitor in the school, and that gives me pause. I recognize that the -- the mandatory minimum sentences when it comes to child pornography are harsh, but I think they are harsh in due part because we are trying to protect a vulnerable population here.

I'm recognizing the request for downward variance that defense has made based on the use of a computer. And I think that that's a common request. I note that there really -- there was -- you know, there was no objection that the Guideline range was appropriately calculated here because that computer enhancement is still active and it's a part of the Sentencing Guidelines. The request to downward vary, if that two-point enhancement was removed, it would take the Guideline range down to 168 up to 210 months. And I note the high point of that 210 months is the bottom of the Guideline range, as they are calculated correctly within this presentence report.

You know, the other thing that I'm considering here is the fact that the best argument that Mr. Morrison has for me to vary below the Guideline range is really just his lack of criminal history. But I'm balancing that against the other factors in 3553(a), and I am concerned for community safety. I am concerned about the interactions he had with others, exchanging child pornography, and the interactions he had with people that he knew communicating about it.

So I certainly think he needs rehabilitation, both mental health, sex offender, and substance abuse. And I guess based on that I am considering the variance request, and I am considering the 3553(a) factors and making a determination of what's sufficient but not greater than necessary to comply with the purposes of the sentencing statute.

And so taking all of that into account, my intention is to impose a sentence of 105 months on each of the counts. That would be -- and they would run consecutively and that would be for a total of 210 months. So I guess I'm denying the request for variance downward, but I am recognizing that the sentence that I plan to impose is the top of the Guideline range that Ms. Fuller had requested even if I had varied downward.

There would be 5 years of supervised release. There would be mandatory restitution of $95 and a special assessment of $200. And then I'm finding that he's indigent, so there would not be the restitution on the JVTA and the AVAA assessments.

Counsel, is there any legal reason why that sentence should not now be imposed?

MS. KNOX: No, Your Honor.

MS. FULLER: No, Your Honor.

THE COURT: All right.

Mr. Morrison, I'd ask that you please rise.

Based on the constitutional and statutory authority vested in this Court, it's the judgment of the Court that Johnathan Morrison is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 105 months on Count I, and 105 months on Count II, to run consecutively.

You meet the criteria set forth by the Bureau of Prisons to participate in a sex offender program. It's recommended you be designated to a federal facility which will allow participation in that type of program.

Upon release from imprisonment, you'll be placed on supervised release for a term of 5 years. The term consists of 5 years on Count I and 5 years on Count II. All such terms to run concurrent.

Within 72 hours of release from the custody of the Bureau of Prisons, you should report in person to the probation office to the district in which you're released.

While under supervision, you must adhere to the following mandatory conditions:

You must not commit another federal, state, local, or tribal crime.

You must not unlawfully possess a controlled substance.

You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

You must cooperate in the collection of DNA.

You must comply with the requirements of the Sex Offender Registration and Notification Act as required by statute.

You must comply with the standard conditions that have been adopted by this Court with the following special conditions:

You must participate in and complete a cognitive behavioral training program as directed by the probation office.

You must not reside with any female under the age of 18 or contact your children in any manner unless approved in advance and in writing by

probation.

You must undergo inpatient or outpatient psychiatric or psychological treatment as directed by the probation office.

You must take any prescription medication as deemed necessary by the treatment provider.

You must reside and participate in a Residential Reentry Center as directed by the probation office. You'll be classified as a prerelease case.

You must participate in the probation office's Computer/Internet Use and Monitoring Program and comply with the provisions of the participation agreement used in the District of South Dakota. Participation in this program is in lieu of having all access to a computer denied. As part of the program, you must consent, at the direction of probation, to having installed on your computer at your expense any hardware or software systems to monitor computer use or prevent access to particular materials.

You must participate in sex offender treatment and submit to polygraph examinations as directed by probation.

You must submit your person, residence, place of business, vehicle, possessions, computer, smartphone, tablet, or any other internet-capable device, including passwords, to a search conducted by United States probation officer without a warrant when the officer has reasonable suspicion of a violation of a condition of supervision.

You must not consume any alcoholic beverages or intoxicants. Furthermore, you must not frequent establishments whose primary business is the sale of alcoholic beverages.

You must participate in a program approved by and at the

discretion of probation -- or direction of probation for treatment of substance abuse.

You must submit a sample of your blood, breath, or bodily fluids at the discretion or upon -- at the discretion or upon request of the probation office.

It's further ordered you make mandatory restitution to South Dakota Internet Crimes Investigation Fund in the amount of $95.

You must notify the Unites States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The Court finds that you do not have the ability to pay a fine, so I'll waive the fine and any interest in this case.

Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50 percent of the deposits in your inmate trust account while you're in custody or 10 percent of your inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligations not paid in full prior to your release from custody shall be due in monthly installments of $95, such payments to begin 30 days following your release.

It's further ordered you must pay to the United States a special assessment of $200, which must be paid immediately.

The $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act is waived, as it is the finding of the Court that you are indigent.

The special assessment to the Amy, Vicky, & Andy Child

Pornography Victim Assistance Act is waived because you're indigent.

And you shall forfeit your interest in the following property: One black Samsung phone, SM-s 134DL.

And you're hereby remanded to the custody of the U.S. Marshals to serve the sentence imposed.

Thank you. Please be seated.

All parties are hereby notified by the Court of their right to appeal. An appeal must be filed with the Clerk of Court within 14 days of sentencing. Mr. Morrison, you waived all defenses and the right to appeal any nonjurisdictional issues. Expressly excluded from this waiver of defenses and appeal rights is your right to appeal any decision by the Court to depart upward pursuant to the Sentencing Guidelines as well as the length of sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 United States Code 3553(a). Claims that your counsel rendered constitutionally ineffective assistance are also excluded from this waiver.

Counsel, is there anything else?

MS. KNOX: No, Your Honor. Thank you.

MS. FULLER: No, Your Honor.

THE COURT: We'll be in recess.

(Hearing concluded at 2:18 p.m.)

* * * * * * * * *

UNITED STATES DISTRICT COURT)
DISTRICT OF SOUTH DAKOTA ) SS CERTIFICATE OF REPORTER
WESTERN DIVISION )

I, Deanna Clayborne, Official United States District Court Reporter, Registered Professional Reporter, and Notary Public, in and for the State of South Dakota, do hereby certify that the above and foregoing transcript, consisting of pages 1 through 20, inclusive, is a full, true, and complete transcript of the above-entitled proceedings.

I further certify that I am not a relative or employee or attorney or counsel of any of the parties hereto, nor a relative or employee of such attorney or counsel; nor do I have any interest in the outcome or events of the action.

IN TESTIMONY WHEREOF, I have hereto set my hand this 10th of April, 2025, at Rapid City, South Dakota.

/s/ Deanna Clayborne
Deanna Clayborne, RPR
Official Court Reporter
515 Ninth Street, #302
Rapid City, South Dakota 57701
(605) 399-6007
Deanna_Clayborne@sdd.uscourts.gov

I certify that the above and foregoing is a true and correct copy of the transcript originally filed with the clerk of court on 4-17-25, and incorporating redactions of personal identifiers requested by the following attorney(s) of record: Alecia Fuller, in accordance with Judicial Conference policy.

/s/ Deanna Clayborne
Deanna Clayborne, RPR
Official Court Reporter